IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA B. AND TRUMAINE S., | § | |
| AS PARENTS/GUARDIANS/NEXT | § | |
| FRIENDS OF T.S., AN INDIVIDUAL | § | |
| WITH A DISABILITY, | § | Civil Action No. 3:20-CV-0188-D |
| | § | (Consolidated with Civil Action No. |
| Plaintiffs, | § | 3:20-CV-0207-D) |
| | § | |
| VS. | § | |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this consolidated action arising from an appeal of a special education due process hearing, defendant Dallas Independent School District ("DISD") moves to supplement the administrative record with additional evidence. Plaintiffs Angela B. and Trumaine S., as parents/guardians/next friends of T.S., a minor student with a disability, oppose the motion, cross-move to supplement the administrative record with additional evidence, and seek leave to file the proposed evidence under seal. DISD moves to strike plaintiffs' cross-motion as untimely and otherwise opposes the motion. For the reasons explained, the court grants plaintiffs' motion to seal,[1] denies DISD's motion to strike,[2] grants in part and denies in part

_____

[1]In its response, DISD does not appear to challenge the motion to seal. DISD does not mention the motion in its response except to address the evidence attached to the motion. *See* D. Resp. to Ps. Cross-Mot. 4 ("Attached to Plaintiffs' Motion for Leave to File Certain Records Concerning Minor Child Under Seal is an Appendix in Support of Plaintiffs' Response to Defendant Independent School District's Motion for Additional Evidence,

the parties' motions for additional evidence, and stays the case pending the independent evaluation of T.S.

I

Because the court has already recited the relevant background facts in a prior opinion, *see Angela B. v. Dallas Independent School District*, 2020 WL 2101228, at *1 (N.D. Tex. May 1, 2020) (Fitzwater, J.) (*Angela B. I*), it need not recount the background facts at length. The court will instead set out the background facts and procedural history necessary to understand the present decision.

T.S. is an African-American second-grade student who experiences dyslexia, Attention Deficit/Hyperactivity Disorder ("ADHD"), and related learning problems. T.S. attended a DISD school as a first-grade student during the 2018-2019 school year. In October 2018 plaintiffs requested in writing that DISD complete a Full and Individual Evaluation ("FIE") to determine if T.S. qualified for special education services under the

---

which includes 26 pages of additional evidence for consideration by the Court"). Because in its response DISD does not appear to oppose the motion to seal, the court grants plaintiffs' motion to seal the proffered additional evidence.

[2]The scheduling order provides that "[a] party must respond to a motion for additional evidence and file any cross-motion for additional evidence no later than April 17, 2020." The court granted plaintiffs' unopposed motion to extend the deadline for their response to April 24, 2020. Plaintiffs then filed a combined response and cross-motion for additional evidence. DISD moves to strike the cross-motion as untimely, contending that the court granted the extension as to plaintiffs' *response*, but not as to their cross-motion. Assuming *arguendo* that the cross-motion is untimely, the court nevertheless denies DISD's motion to strike because the cross-motion was only seven days late and the timing of the filing has neither interfered with the court's decisional process nor prejudiced DISD.

IDEA.  They asked DISD to evaluate him for speech, language, and potential occupational therapy needs.  In November 2018 DISD provided plaintiffs a proposed special education evaluation form, and plaintiffs gave written consent to the FIE.  Dr. Beth Palmer ("Dr. Palmer"), a Licensed Specialist in School Psychology, explained that the evaluation would begin with parents' request for an evaluation of speech, occupational therapy, specific learning disability, and dyslexia concerns, but that related services may need to be addressed in order to complete the FIE.

In February 2019 Dr. Palmer informed plaintiffs that she suspected that T.S. might have autism.  Plaintiffs requested that DISD refrain from testing for autism.  DISD responded that, without the opportunity to evaluate for all suspected areas of disability, including autism, DISD would not complete the evaluation.  DISD sent T.S.'s mother a revocation of consent form, which she never returned.  T.S.'s mother then filed a complaint with the Texas Education Agency ("TEA"), asserting that DISD had not completed the agreed-upon FIE. On April 17, 2019 TEA issued a report and order in plaintiffs' favor.

On May 13, 2019 DISD filed a request for a special education due process hearing that would override TEA's order and permit DISD to complete an FIE that, without parental consent, would include autism.  In August 2019 plaintiffs notified DISD that T.S. would attend private school instead of return to DISD.  On November 1, 2019 the hearing officer denied DISD's request to override parental consent.  She held that DISD had failed to evaluate T.S. within a reasonable time after it had notice of behavior likely to indicate a disability, and had failed to complete T.S.'s FIE within the timelines established by the IDEA

and its implementing state and federal regulations.  The hearing officer ordered DISD to complete the FIE and to convene an Admission, Review, and Dismissal ("ARD") committee meeting to consider it.

DISD filed in this court an appeal of the hearing officer's decision, contending that the hearing officer erred in concluding that DISD was not entitled to an order overriding lack of parental consent; erred in not granting DISD the right to conduct an FIE of T.S. in all areas of suspected disability before providing special education services to T.S.; erred in ordering DISD to complete a partial evaluation of T.S.; and erred in finding that DISD had sufficient information as of February 2019 to serve T.S. as a student with a disability under the IDEA and provide a free appropriate public education.  Plaintiffs also filed suit in this court, seeking, *inter alia*, attorney's fees under the IDEA as a prevailing party at the due process hearing.  While the court's decision ultimately granting DISD's motion to dismiss plaintiffs' non-IDEA claims was pending, the parties filed the instant motion and cross-motion for additional evidence.  The motions are now ripe for consideration.

II

The IDEA provides that "[a]ny party aggrieved by the findings and decision [of the hearing officer] . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section[.]"  20 U.S.C. § 1415(i)(2)(A).  If a party brings such an action, the court "shall receive the records of the administrative proceedings" and "shall hear additional evidence at the request of a party[.]"  § 1415(i)(2)(C)(i), (ii).  In other words, a district court is "required to take additional evidence at the request of any party."  *Hous.*

*Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000).  "But, as provided by IDEA, the evidence must be 'additional,'" and "[t]he determination of what is 'additional' evidence must be left to the discretion of the trial court."  *E. R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 763 (5th Cir. 2018) (per curiam) (quoting *Town of Burlington v. Dep't of Educ. for Mass.*, 736 F.2d 773, 790, 791 (1st Cir. 1984)).

A determination that the evidence is truly additional is necessary to "avoid turning the administrative hearing into a 'mere dress rehearsal' followed by an 'unrestricted trial *de novo*.'"  *Id.* (citation omitted).  For this reason, parties may not introduce evidence to "patch up holes in their administrative case."  *Id.*  Evidence that is "(1) cumulative; (2) irrelevant; (3) bolsters of existing evidence; or (4) untimely" is not additional and cannot supplement the administrative record.  *M.V. ex rel. J.C. v. Conroe Indep. Sch. Dist.*, 2018 WL 4564948, at *4 (S.D. Tex. Sept. 24, 2018) (Rosenthal, C.J.) (citing *D.A. v. Hous. Indep. Sch. Dist.*, 716 F.Supp.2d 603, 617 (S.D. Tex. 2009), *aff'd sub nom. D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450 (5th Cir. 2010)).  Likewise, "evidence that was available to the requesting party before the administrative hearing" will rarely constitute additional evidence. *Id.*  On the other hand, evidence may supplement the administrative record where, for example, the hearing officer improperly excluded evidence or the proffered "evidence concern[s] relevant events occurring subsequent to the administrative hearing."  *Id.* (citing *Town of Burlington,* 736 F.2d at 790).  This subsequently-acquired evidence may be particularly relevant where it provides "significant insight into the child's condition, and the reasonableness of the school district's action, at the earlier date."  *Archer v. Northside Indep.*

- 5 -

*Sch. Dist.*, 2018 WL 7572498, at *1 (W.D. Tex. Dec. 10, 2018) (quoting *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1006 (9th Cir. 2011)), *aff'd sub nom. A.A. v. Northside Indep. Sch. Dist.*, 951 F.3d 678 (5th Cir. 2020).

III

The court turns first to DISD's motion to supplement the record with evidence acquired before and after the three-day administrative hearing.

A

As to evidence acquired before the administrative hearing, DISD seeks to include a July 2018 document entitled "Procedural Safeguards" that was allegedly sent to plaintiffs with ARD paperwork and an April 25, 2019 email from TEA ("TEA email") advising DISD that it "may utilize procedural safeguards, including a due process hearing, if [DISD] continue[d] to believe that further testing [wa]s necessary or beneficial for autism[.]" D. Mot. 9. DISD contends that the Procedural Safeguards document is relevant because it "illustrates [that] the proper procedure for disagreeing with a District evaluation [is to] request[] an [Independent Educational Evaluation ("IEE")] upon completion of the District Evaluation," *id.* at 8, and that the TEA email demonstrates that DISD acted reasonably in filing for a due process hearing to ensure testing in all areas of suspected disability. Although the evidence was available prior to the due process hearing, DISD maintains that it was unable to offer the documents at the due process hearing because the hearing officer placed unforeseen and impermissible time limits on its ability to present rebuttal evidence.

The court concludes that the evidence available to DISD before the administrative

- 6 -

hearing does not constitute "additional" evidence in this case. *See, e.g., L.C. v. Lewisville Indep. Sch. Dist.*, 2016 WL 4368687, at \*5 (E.D. Tex. Aug. 16, 2016) ("The Court finds that because the Evaluation was available at the time of the administrative hearing, it does not fall into the 'evidence concerning relevant events occurring subsequent to the administrative hearing' category of admissible new evidence[.]").  Although DISD contends that the hearing officer erred and "deprived [it] of the opportunity to present evidence" by limiting its rebuttal time, DISD does not contend that it mentioned the evidence or otherwise objected to its inability to offer these documents at the administrative hearing.[3]  *M.V.*, 2018 WL 4564948, at \*5 (declining to supplement the administrative record where party "did not mention [the evidence] at the hearing or object to the inability to [offer the evidence]").  Because both the July 2018 Procedural Safeguards document and the TEA email were "surely available to [DISD] before the administrative hearing," but DISD failed to present them before the hearing officer, the court denies DISD's motion as to these documents. *D.A.*, 716 F.Supp.2d at 617.

B

DISD also seeks to supplement the administrative record with evidence of events that occurred after the due process hearing.  This evidence includes a series of emails and letters among DISD, plaintiffs, and counsel for both parties regarding the evaluation process for

---

[3]Although DISD does contend that it "objected on the record" to the limited rebuttal time, D. Mot. 9, DISD made no mention of the previously-acquired evidence it now seeks to include.  Instead, the objection appears to be confined to the time permitted for its rebuttal witnesses. *See id.* at 8-9.

T.S., as well as notices of meetings related to the ARD meeting and individualized education program ("IEP") and DISD's December 5, 2019 evaluation of T.S.  DISD contends that this evidence demonstrates its "compliance with the orders of the Hearing Officer" and also "reflects that [D]ISD was only able to conduct a partial evaluation due to the fact that the parent refused to allow [D]ISD to evaluate in all areas of suspected disability, including autism."  D. Mot. 8.  DISD also seeks to include TEA guidance regarding special education determinations when the FIE has not been completed due to COVID-19 concerns, which indicates that "[s]pecial education eligibility determinations for students should not be made without consideration of all relevant data points that would be provided in an [FIE]."  *Id.* at 11.  DISD maintains that the guidance demonstrates that it acted reasonably in refusing to complete an evaluation that would not include autism.

Because the proffered evidence "concern[s] relevant events occurring subsequent to the administrative hearing," *Archer*, 2018 WL 7572498, at *1, the court grants DISD's motion to the extent it seeks to supplement the administrative record with this subsequently-acquired evidence.  The communications between the parties following the due process hearing and the ARD meeting, evaluation, and IEP documents relate to the hearing officer's orders and DISD's contentions on appeal that the evaluation did not comply with the IDEA's requirement that a student be evaluated in all areas of suspected disability.  Likewise, the TEA COVID-19 guidance documents are relevant to DISD's contention that an FIE for T.S. should include all areas of suspected disability because autism may be a "relevant data point[]" that should have been included in the FIE.  D. Mot. 11.  Because the evaluation and

the ARD/IEP documents may provide "insight into the child's condition[] and the reasonableness of the district's action[] at the earlier date," i.e., DISD's belief that T.S. may have autism and that it needed to evaluate him for this suspected disability, the court grants DISD's motion to supplement the record as to these documents. *Archer*, 2018 WL 7572498, at *1 (citation omitted). Further, because plaintiffs have not lodged any other specific challenges to the additional nature of DISD's remaining documents,[4] the court grants DISD's motion to the extent it seeks to supplement the administrative record with this subsequently-acquired evidence.

IV

Having granted in part DISD's motion to supplement, the court turns now to plaintiffs' cross-motion to supplement the record with additional evidence.

---

[4]Plaintiffs do object to all of DISD's evidence as inadmissible under the Federal Rules of Evidence. The Fifth Circuit has suggested that the "limitations in the Federal Rules of Evidence" may play a role in determining whether additional evidence should be admitted to supplement the administrative record. *See E. R.*, 909 F.3d at 764 (citing Fed. R. Evid. 1101(a)) (noting that plaintiff failed to "explain why the limitations in the Federal Rules of Evidence do not apply"). Nevertheless, the court concludes that objections to the admissibility—rather than the additional nature—of the evidence are better raised and decided at the summary judgment stage when "the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible[.]" *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019) (quoting *Lee v. Offshore Logistical and Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017)); *see also* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact [in a summary judgment motion or response] cannot be presented in a form that would be admissible in evidence."). For this reason, the court declines at this time to rule on any objections to the admissibility of the proffered evidence under the Federal Rules of Evidence.

A

Plaintiffs seek to supplement the administrative record with documents to rebut DISD's "continued unwarranted suggestions that T.S. has autism." Ps. Cross-Mot. 2. These documents include information regarding the costs of T.S.'s private school; a chart with plaintiffs' requested changes to the FIE (the "evaluation chart"); a form filled out by T.S.'s teacher at his current private school that was sent to DISD but not incorporated into the FIE; a letter from T.S.'s teacher about his current performance and needs; a list of events following the hearing kept by Angela B. (the "dates and events chart"); and declarations from Angela B. and Joyce Jackson ("Jackson"), a veteran teacher and special education director who accompanied Angela B. to meetings. Plaintiffs also offer an email that evidences the parties' agreement to have Dr. Jennifer Morrison ("Dr. Morrison"), an expert neuropyschologist and Licensed Specialist in School Psychology, conduct an updated independent evaluation of T.S. and demonstrates her inability to complete the evaluation due to the COVID-19 pandemic.

B

1

At the outset, the court holds that any evidence regarding the cost of T.S.'s private school is not relevant to the remaining issues in this case because plaintiffs' claim for tuition reimbursement and related costs has not yet been exhausted, *see Angela B. I*, 2020 WL 2101228, at *6, and the cost of private school is not relevant to DISD's appeal of the hearing officer's decision. For these reasons, the court denies plaintiffs' cross-motion to the extent

they seek to supplement the record with financial documents from T.S.'s private school. The court likewise denies plaintiffs' cross-motion as to the evaluation chart because the court has already admitted this chart as part of DISD's ARD/IEP documents, and any additional copy of the same document would be redundant of evidence now included in the record.

As to evidence regarding T.S.'s progress in private school following the administrative hearing, several courts have held that "evidence regarding a student's progress after the student has left the district is . . . admissible in assessing the reasonableness of the district's initial decisions regarding a particular individualized education program." *E. M. v. Lewisville Indep. Sch. Dist.*, 2017 WL 117170, at *4, *3 (E.D. Tex. Jan. 11, 2017) (collecting cases). Because T.S.'s post-hearing progress may rebut the reasonableness of DISD's belief that T.S. should be evaluated for autism and its resulting actions, the court concludes that plaintiffs may supplement the administrative record with this additional evidence.

Turning to the dates and events chart, the court notes that it has already admitted a version of the chart as part of DISD's ARD/IEP documents. Nevertheless, "fairness dictates that [plaintiffs] be permitted to present additional evidence," i.e., their own version of the chart, which includes their log notes, "to rebut [DISD's evidence]." *J.L. v. Ambridge Area Sch. Dist.*, 2008 WL 2798306, at *11 (W.D. Pa. July 18, 2008) (permitting "rebuttal evidence . . . to the extent that such testimony [or other evidence] is not redundant or an embellishment of prior testimony"). Fairness likewise dictates that Angela B.'s and Jackson's declarations be included. These declarations are offered, in part, to suggest "that the meetings after the

- 11 -

hearing seemed to be orchestrated for litigation purposes" and "to refute any suggestions made about what was said at meetings." Ps. Cross-Mot. 3. Because these declarations may be relevant to rebutting DISD's alleged difficulty in completing the FIE without the autism evaluation, the court grants plaintiffs' cross-motion as to this additional evidence.

2

As to the emails involving Dr. Morrison, the court has already admitted this evidence in granting DISD's motion as to post-hearing evidence. *See supra*, § III(B); D. App. 184-85. But plaintiffs contend in their reply that the import of these communications is not the agreement between the parties that Dr. Morrison will complete an IEE, but that the IEE is necessary to rebut DISD's additional evidence and evaluation. They maintain that "an IEE provides parents an expert who can evaluate all the materials that the school must make available and who can give an independent opinion" so that parents are not "'left to challenge the government' without 'an expert with the firepower to match the opposition.'" Ps. Reply 7 (quoting *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 60-61 (2005)). In plaintiffs' view, "[t]he point of the proposed email from Dr. Morrison is . . . [that] it is clear DISD agrees that the IEE cannot go forward at this time due to COVID-19" and that the absence of the IEE renders the court's inclusion of DISD's additional evidence unfair. *Id.*

Parents are statutorily entitled to an IEE. *See* § 1415(b)(1) (guaranteeing an opportunity "to obtain an independent educational evaluation of the child."). And, as other courts have found, a post-hearing IEE may "provide significant insight into the child's condition," and to the "determination whether [DISD] met its obligations to [the child] under

the IDEA." *E.M.*, 652 F.3d at 1006.  Moreover, admission of the pending IEE is particularly important here because the court has already admitted DISD's post-hearing evaluation of T.S.  Without the IEE, plaintiffs may have little "firepower" to rebut DISD's conclusions resulting from its own evaluation of T.S.  *See Schaffer*, 546 U.S. at 61; *cf., e.g., E.M.*, 652 F.3d at 1006 (reversing district court's refusal to consider post-hearing evaluation).  Given the relevance and importance of the IEE, the court will permit plaintiffs to supplement the administrative record with the pending IEE once it is complete.  Accordingly, because Dr. Morrison is unable to complete the IEE due to the COVID-19 pandemic, the court will exercise its discretionary power to stay the case until the IEE has concluded.  *See In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("[The district court has] general discretionary power to stay proceedings before it in control of its docket and in the interests of justice." (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982))).

Within 14 days after Dr. Morrison completes the IEE, plaintiffs must notify the court in writing.

*     *     *

For the reasons explained, the court grants in part and denies in part DISD's motion for additional evidence and denies its motion to strike.  The court grants in part and denies in part plaintiffs' cross-motion to submit additional evidence and grants its motion for leave to file certain records concerning minor child under seal.  The court stays the case pending the

completion of the IEE.

**SO ORDERED**.

June 1, 2020.

SIDNEY A. FITZWATER
SENIOR JUDGE